IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFIQ SABIR,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN, FCI-LORETTO,<br><br>    Respondent. | Civil Action No. 3:20-152<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

**MEMORANDUM and ORDER OF COURT**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed pro se by Rafiq Sabir ("Petitioner") [Doc. 4], a federal prisoner incarcerated at FCI-Loretto at the time of the filing of his petition.[1] This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

I. **Background**

Petitioner is serving a sentence of 300 months' incarceration imposed in the United States District Court for the Southern District of New York upon his conviction for conspiracy to provide material support or resources to a designated foreign terrorist organization. Petitioner's § 2241 petition seeks the restoration of good time credit that was revoked upon a determination by a disciplinary hearing officer ("DHO") that Petitioner was in possession of a prohibited cell phone discovered in his cell while he was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

---

[1] The Federal Bureau of Prisons' ("BOP") inmate locator indicates that Petitioner is no longer at FCI-Loretto, but currently is incarcerated at FCI-Milan in Milan, Michigan. Petitioner did not notify the Court of this change of address as required. His current projected release date is October 27, 2026.

1

On July 23, 2019, a staff member at MDC conducting a search of a cell that Petitioner shared with another inmate discovered a cellular telephone. Petitioner was charged with possession of a hazardous tool, which is defined by a BOP program statement to include portable telephones [Doc. 2-6]. The following day, Petitioner was provided a copy of the incident report and advised of his rights, and the matter was referred to a unit disciplinary committee ("UDC"). On July 28, 2019, Petitioner met with the UDC, which found sufficient evidence to move forward and referred the matter to a DHO. A disciplinary hearing was held before the DHO on August 7, 2019. In a written report dated August 14, 2019, the DHO found, based on the "greater weight of the evidence," that Petitioner committed the prohibited act of possessing a cell phone as charged [Doc. 2-1]. The DHO imposed sanctions, including the disallowance of 41 days of good conduct time, disciplinary segregation for 45 days, and the loss of 180 days of telephone and commissary privileges [*Id.*].

On September 1, 2019, Petitioner filed a Regional Administrative Remedy Appeal of the DHO's decision to the Northeast Regional Office [Doc. 2-9]. On December 6, 2019, Petitioner's appeal was partially granted due to "questions concerning the disciplinary process" [Doc. 2-10]. The Northeast Regional Office remanded the matter "for further review and rehearing, if necessary" [Doc. *Id.*]. Petitioner was advised that he would have the right to appeal again after further proceedings [*Id.*].

On January 19, 2020, Petitioner did file another Regional Administrative Remedy Appeal relating to the sanctions imposed in the DHO's decision [Doc. 2-11]. In that appeal, he noted the response from the Northeast Regional Director remanding his case, and further noted that the Warden at FCI-Loretto had not responded to his request for an administrative remedy challenging the DHO's sanctions. The institution denied that request, which Petitioner did not appeal. He then

filed a third request for administrative remedy with the Northeast Regional Office, which rejected the request as duplicative. Petitioner appealed to the National Office, which rejected the appeal, noting it should have been brought with his first request. Despite being directed by the National Office to resubmit his first appeal, Petitioner took no further administrative action.

Petitioner's pending § 2241 petition [Doc. 4] raises six grounds for relief: (1) the denial of his right to a fair and unbiased disciplinary hearing; (2) the hearing officer violated the Double Jeopardy Clause by holding two disciplinary hearings; (3) a lack of competent evidence supported the hearing officer's decision; (4) the hearing officer's report had critical omissions and contained false statements; (5) the hearing officer conspired to deprive Petitioner of his liberty; and, (6) "other" due process violations.

In a response to the petition [Doc. 10], Respondents argue that Petitioner has failed to fully exhaust his administrative remedies and that all of this claims have been procedurally defaulted. Respondent further argues that, notwithstanding Plaintiff's failure to exhaust, the BOP afforded Petitioner due process in imposing the sanctions, and that the DHO's finding that Petitioner committed the prohibited act was supported by sufficient evidence. Petitioner subsequently filed a reply to the response [Doc. 11], as well as a supplement to his petition [Doc. 15].

On January 11, 2022, Judge Pesto issued a Report and Recommendation ("R&R") recommending that the § 2241 petition be denied [Doc. 16]. Petitioner was advised that he had fourteen days to file written objections to the R&R. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On January 27, 2022, Petitioner timely filed objections [Doc. 18].

**II.     Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed

3

findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

### III. Analysis

#### A. Report and Recommendation

Upon de novo review of the record and the R&R, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

Declining to address the exhaustion issue, Judge Pesto instead has recommended that the petition be denied on its merits. In arriving at that recommendation, Judge Pesto rejected each of Petitioner's asserted due process violations, and determined that Petitioner was provided the requisite procedural safeguards. Judge Pesto also rejected Petitioner's argument that insufficient evidence supported the DHO's decision. This Court agrees on both points.

Initially, the Court is satisfied that Judge Pesto's determination that Petitioner was afforded adequate due process is sound. As stated in the R&R, a prison disciplinary hearing that may result in the loss of good conduct time must provide the following due process safeguards, in a proceeding before an impartial decision-making body: (1) at least twenty-four hours of advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; (3) assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate; and (4) a written decision explaining the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Campbell*

4

*v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020). As explained in the R&R, the record shows that Petitioner received each of those safeguards in this case [Doc. 16 pp. 1-2].

The Court likewise agrees with Judge Pesto's conclusion that the DHO's determination that Petitioner possessed the cell phone is supported by a sufficient level of proof. A decision denying good time credits must be supported by "some evidence in the record" that could support the DHO's conclusions. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455. As discussed in depth in the R&R, the disciplinary hearing record contained some evidence to support the DHO's finding that Petitioner, at a minimum, constructively possessed the cell phone with the one other individual who shared that cell with him, and therefore there is a 1 in 2 chance that he actually possessed it. Courts have held that where the realistic probability of a prisoner's actual possession of contraband is 1 in 6 or greater, the "some evidence" standard is met. *See, e.g., Harden v. Sherman*, 2006 WL 3814767, at *8 (W.D. Pa., Dec. 27, 2006); *Harms v. Godinez,* 829 F. Supp. 259 (N.D. Ill.1993). Accordingly, in light of the one 1 in 2 chance that Petitioner in this case actually possessed the cell phone discovered in his cell, the "some evidence" standard of *Hill* has been satisfied. As the DHO's decision is supported by the requisite level of evidence, it cannot be reversed.

Finally, this Court concurs with Judge Pesto's rejection of Petitioner's Double Jeopardy claim. Although Petitioner contends that the DHO improperly held two disciplinary hearings, the record does not support that contention. Instead, the record establishes that Petitioner first met with the UDC on July 28, 2019, and the UDC found sufficient evidence to refer the matter to a DHO, who held a disciplinary hearing on August 7, 2019. There simply is nothing in the record to support Petitioner's assertion that the DHO held any type of initial disciplinary hearing for

Petitioner on or around July 31, 2019. Rather, the record shows that the DHO held a single disciplinary hearing on August 7, 2019.

In any event, "a prison disciplinary hearing is not a prosecution for Double Jeopardy purposes," and any sanction imposed as a result of such a hearing, such as the loss of good time credit, does not constitute a punishment within the meaning of the Double Jeopardy Clause. *See United States v. Colon*, 246 F. App'x 153, 155 (3d Cir. 2007) (quoting *United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993)); *see also Porter v. Coughlin*, 421 F.3d 141, 149 (2nd Cir. 2005) (as prison disciplinary proceeding is civil in nature, it does not implicate Double Jeopardy concerns); *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (Double Jeopardy Clause was not intended to inhibit prison discipline).

### B. Petitioner's Objections

Petitioner has filed objections [Doc. 18] to the R&R, which this Court finds unavailing. Initially, Petitioner alleges that the partial granting of his initial appeal by the Northeast Regional Office constituted a reversal of the original finding that he committed the prohibited act. However, the Regional Director did not reverse the DHO's finding, but instead only partially granted Petitioner's appeal for further review based on unidentified questions concerning the disciplinary process [Doc. 2-10]. Petitioner was advised he could appeal again after further proceedings. The record indicates that Petitioner did file another request for administrative remedy relating to the initial sanctions on January 6, 2020, and that the institution denied that request on January 23, 2020. Petitioner did not appeal from that decision to the regional or national levels [Doc. 10-1].

The remainder of Petitioner's objections more or less reiterate the same arguments he made in his petition, reply and supplements. Specifically, he renews his arguments that he did not receive a fair hearing, that his double jeopardy rights were violated, and that he did not possess the

prohibited item. Judge Pesto addressed each of Petitioner's arguments in the R&R, and Petitioner's mere disagreement with Judge Pesto's conclusions is insufficient to alter his sound recommendation that the petition be denied. In making that recommendation, Judge Pesto relied on the applicable law and reasonably applied that law to the facts of this case. The Court has reviewed the R&R and agrees with Judge Pesto's decision. Accordingly, Petitioner's objections to the R&R will be overruled.

## IV. Conclusion

Upon de novo review of the record and the R&R, this Court is satisfied that Judge Pesto's analysis is sound and correct in all respects, and will accept in whole his findings and recommendations. For the reasons stated in the R&R and in this memorandum, the petition for a writ of habeas corpus will be denied.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 28th day of March, 2024, IT IS ORDERED that Plaintiff's objections [Doc. 18] to the Magistrate Judge's Report and Recommendation [Doc. 16], hereby are **overruled**; and,

IT FURTHER IS ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 16], which is adopted as the opinion of the Court, as supplemented herein, that Petitioner Rafiq Sabir's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 4] hereby is **denied**.

The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge